## Estate of Sarah Nichols. Appeal of James Nichols, Petitioner.

*Register of wills—Citation to file will.*

The register of wills performs the full measure of his duty, under the act of 1832, by issuing a citation to parties, who are alleged to be in possession of a will, requiring them to produce and file said will for probate. He has no power to try the question, as to whether a will was made or whether the parties cited have it in their possession or control. No hearing or trial before the register is contemplated, and he is without power to enforce any decree.

The petitioner is remitted to the indictment or action for damages provided by the act of March 18, 1832, P. L. 185.

Argued Jan. 12, 1897. Appeal, No. 14, Jan. T., 1897, by James Nichols, from decree of O. C. Lackawanna Co., No. 810, Series A., 1895, dismissing appeal from register of wills. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Citation issued on petition directed to Mary Davis and James Nichols to appear and show cause why the will of Sarah Nich-

ols should not be produced and admitted to probate, May 21, 1892. Before ARCHBALD, P. J.

September 9, 1892, proceedings were dismissed at cost of petitioner. May 17, 1895, the petitioner filed a petition asking that the case be opened on the ground of after discovered testi-. mony. On this petition a new citation issued, testimony was taken and proceedings dismissed by the register. Subsequently an appeal was taken to and dismissed by the orphans' court. The decedent, Sarah Nichols, died on March 29, 1885.

*Errors assigned* were to the decree of the court dismissing the appeal from the register.

*A. A. Vosbery*, with him *W. S. Hulslander*, for appellant.

*Lemuel Amerman*, with him *R. H. Holgate* and *B. F. Akerley*, for appellee.—The petitioner's remedy was exclusively under the act of March 15, 1832, P. L. 185. His powers were exhausted when he issued the citation. If the parties failed to respond the register had no power to compel them to do so, nor is he vested with authority to take testimony on the subject, nor to act thereupon judicially. In such cases the petitioner is remitted to the indictment or action for damages as provided by the act of 1832 : Prentzell's Est., 1 W. N. C. 222 ; McDonald's Est., 14 Phila. 253.

In any event the appellant is barred by the statute of limitations from taking his appeal, more than three years having elapsed between the time of the dismissal of the proceedings by the register of wills unappealed from and the taking of the appeal in this case : Kepner's Appeal, 94 Pa. 74.

An appeal does not lie for any matter that is in the discretion of the court, as the overruling a motion for a new trial : Houser v. Com., 51 Pa. 332.

OPINION BY WICKHAM, J., February 17, 1897 :

Sarah Nichols died on March 29, 1885. On May 21, 1892, James Nichols, one of her sons, presented his petition to the register of wills of Lackawanna county, alleging that his mother died testate, and that her will was in the possession of Mary Davis and Asa A. Nichols and Flora Nichols, his wife. The

register thereupon issued a citation to these parties, requiring them to produce and deposit the will for probate.    The proceeding was had under section 7 of the act of March 15, 1832, P. L. 185, which provides as follows : " The register having jurisdiction as aforesaid shall, at the instance of any person interested, issue a citation to any person having the possession or control of a testamentary writing alleged to be the last will and testament of a decedent requiring him to produce and deposit the same for probate, and if such person shall conceal or withhold such writing during the space of fifteen days after being personally served with a citation issued in the manner and form aforesaid, he shall be liable to an indictment as for misdemeanor, or to an action for damages by the person aggrieved." The register heard the testimony on both sides, and on September 8, 1892, dismissed the proceeding.

On May 17, 1895, James Nichols presented another petition to the register of wills then in office, alleging that he had discovered new evidence, and for that reason asking for a rehearing, and a citation to Mary Davis and Asa A. Nichols to show cause why the will of the said Sarah Nichols should not be produced and admitted to probate.    The citation went out, and after due hearing, the register made the following order: "Now, August 14, 1895, after a careful review of all the testimony before us, it is not sufficient to warrant us to change the decision heretofore made by the register of wills in these proceedings, therefore the prayer of the petitioner is refused, and the costs placed upon the petitioner."    From this decision, which was in effect, merely a refusal of a rehearing, James Nichols appealed to the orphans' court, which court dismissed the proceeding.

The application for a rehearing was in the nature of a motion for a new trial, and its refusal, in the absence of something on the record to show a gross abuse of discretion, would not under any circumstances be reviewable here.    If the decision of this question were to determine the fate of the appeal, we see nothing to indicate any abuse of discretion on the part of the register or the court below.

But we are further of the opinion that the register performed the full measure of his duty, under the act of 1832, by merely issuing the first citation.    He had no power to try the question, as to whether a will was made or whether the parties cited had

it in their possession or control. It became the duty of these parties to "produce and deposit the same for probate" within fifteen days after service of the citation, if they had the will in their possession or control. No hearing or trial before the register is contemplated by the act, and he is without power to ·enforce any decree he might make in the premises. The issuing and the service of the citation are merely preliminary to, and a ground work for, the remedies expressly provided by the statute, namely, indictment or action for damages. This construction of the act was long since adopted by the orphans' court of Philadelphia county (see Prentzell's Estate, 1 W. N. C. 222, and McDonald's Estate, 14 Phila. 253), and is the only one admissible.

Had this question of the register's jurisdiction been raised in the court below, we doubt not the learned judge thereof would have held as here indicated.

The decree is affirmed and the appeal dismissed at the cost of the appellant.